**ARMSTRONG TEASDALE LLP**
Ashley E. Shapiro, Esquire
100 Overlook Center, Second Floor
Princeton, NJ 08540
Telephone: (609) 375-08540

-and-

Rafael X. Zahralddin-Aravena (*Admitted pro hac vice*)
Shelley A. Kinsella (*Pro hac vice pending*)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 824-7089

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No.: 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |
| KEVIN P. CLANCY, solely in his capacity as the LIQUIDATING TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. **Refer to Summons** |
| v. | |
| SHIPLEY FUELS MARKETING, LLC, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY**
**PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND**
**TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

Kevin P. Clancy, solely in his capacity as the liquidating trustee (the "Plaintiff" or "Liquidating Trustee") appointed in the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors (collectively, the "Debtors"), by and through his undersigned counsel, files this adversary complaint (the "Complaint") to avoid and recover transfers against Shipley Fuels Marketing, LLC (the "Defendant") and to disallow any claims held by the Defendant. In support of this Complaint, the Plaintiff alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. The Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy case pursuant to sections 547, 548, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, the Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Debtors' estates. The Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Standing Order of Reference of the Bankruptcy Court Under Title 11 by the United States District Court for the District of New Jersey*, as amended on September 18, 2012 (Simandle, C.J.).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6. The statutory predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Rule 7008 of the Bankruptcy Rules and Rule 7016-1(e) of the Local Rules of the United States Bankruptcy Court District of New Jersey, the Plaintiff consents to entry of final orders and judgment by the Court in this adversary proceeding.

## BACKGROUND AND PARTIES

8. On February 11, 2019 (the "Petition Date"), the Debtors voluntarily commenced the Chapter 11 Cases to wind-down and liquidate the majority or their assets and to conduct an auction process for certain of their business units as part of a going concern sale under Chapter 11 of the Bankruptcy Code.

9. On February 21, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 114].

10. Additional details regarding the Debtors' prepetition business and capital structure and the facts surrounding the commencement of the Chapter 11 Cases are set forth in the *Declaration of Vincent Colistra in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "Colistra Declaration") [Docket No. 22] and the *Debtors' and Official Committee of Unsecured Creditors' Third Amended Joint Plan of Liquidation and Disclosure Statement* (the "Combined Plan and Disclosure Statement" or the "Plan") [Docket No. 1023].

11. On October 11, 2019, the Debtors jointly filed with the Committee the initial version of the Combined Plan and Disclosure Statement [Docket No. 932]. The Combined Plan and Disclosure Statement was subsequently amended on November 8, 2019 [Docket No. 983] and

November 12, 2019 [Docket No. 993]. The final amended version of the Combined Plan and Disclosure Statement was filed on November 19, 2019 [Docket No. 1023].

12. Following a confirmation hearing held on January 14, 2020, the Court entered the order confirming the Plan on January 15, 2020 (the "Confirmation Order") [Docket No. 1133].

13. On February 3, 2020, the effective date (the "Effective Date") of the Plan occurred. *See Notice of (A) Entry of Order Confirming the Joint Plan and Disclosure Statement; (B) Occurrence of the Effective Date; and (C) Certain Important Deadlines* [Docket No. 1153].

14. On the Effective Date, the Liquidating Trust was established pursuant to and in accordance with the terms of the Plan and the Liquidating Trust Agreement. *See* Confirmation Order, ¶ 12. Kevin P. Clancy of CohnReznick LLP was appointed as the Liquidating Trustee of the Liquidating Trust to carry out the provisions of the Combined Plan and Disclosure Statement. *Id.* The Confirmation Order authorizes the Liquidating Trustee the right, *inter alia,* to assert, after the Effective Date, any and all of such claims, causes of action and related rights of the Debtors' estates. *Id.* at ¶ 29.

15. The Plan specifically authorizes the Liquidating Trustee to (i) "pursuing, litigating or settling Causes of Action in accordance with the Plan and paying all associated costs," and (ii) "asserting and enforcing all legal and equitable remedies and defenses belonging to the Debtors or their Estates, including, without limitation, setoff, recoupment, and any rights under section 502(d) of the Bankruptcy Code." *See* Plan, Art. VII.A.3(iii) and (iv).

16. Upon information and belief, the Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors.

17. Upon further information and belief, the Defendant has a principal place of business located at 100 Kinig Lane, Hanover, PA 17331.

## PRE-PETITION INDEBTEDNESS AND LIQUIDITY

18. Prior to the Petition Date, the Debtors offered a broad range of transportation services throughout the United States and Canada. *See* Colistra Declaration, ¶ 8. The Debtors experienced severe liquidity constraints that led to the bankruptcy filing. *Id*. at ¶ 33. The Debtors suffered an aggregate operating loss of $16.2 million in 2018 and faced a projected debt service in 2019 of over $19 million and projected 12-month loss of $24 million. *Id.* at ¶ 44. As of the Petition Date, the aggregate amount of all obligations owing by the Debtors to the Pre-Petition Secured Parties was in excess of $89 million, plus interest, fees, costs and expenses. *Id.* at ¶¶ 21-27. The Debtors estimated unsecured debt as of the Petition Date included approximately $30.4 for Debtors' obligations under various letters of credit, $9.5 million owed to their trade creditors, and approximately $3.2 million in other unsecured liabilities. *Id.* at ¶¶ 28-29.

19. The Debtors commenced their Chapter 11 cases to maximize the value of their assets and to effectuate an orderly liquidation process for the benefit of all creditors. *Id.* at ¶13.

## PRE-PETITION DATE TRANSFERS

20. During the ninety (90) days before the Petition Date, that is between November 13, 2018 and February 11, 2019 (the "Preference Period"), the Debtors continued to operate their business and made certain transfers of money to, among others, vendors and service providers.

21. Upon information and belief, during the course of their relationship, the Defendant and Debtors entered into agreements for the purchase of goods and/or services by the Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements").

22. During the Preference Period, the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of the Defendant through payments and other credits

aggregating not less than the amount set forth on **<u>Exhibit A</u>** attached hereto (each a "<u>Transfer</u>" and collectively, "<u>Transfers</u>").  The details of each Transfer, including the "Check Number," "Check Amount," "Check Date," "Invoice Number," "Invoice Date," and "Debtor Transferor(s)" are set forth on the attached Exhibit and are incorporated by reference.

23. The Plaintiff is seeking to avoid all of the Transfers and any other unknown transfers of interest of the Debtors' property made by the Debtors to the Defendant within the Preference Period.

24. Prior to the Plaintiff filing this Complaint, the Plaintiff and his professionals performed their own due diligence evaluation of reasonably knowable affirmative defenses available to the Defendant.  The Plaintiff conducted a preliminary review of the Debtors' books and records, as well as reviewed, *inter alia*, the Debtors' Schedules and any proofs of claim filed by the Defendant, to determine whether certain pre-petition transfers qualified as preferential transfers.

25. The Plaintiff and his professionals reviewed all reasonably available information and, based thereon, the Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any alleged statutory defenses available under section 547(c) of the Bankruptcy Code.

26. Pursuant to section 547(g) of the Bankruptcy Code, the Defendant bears the ultimate burden of proof on any affirmative defense to the transfers.  The Plaintiff does not concede the validity of any alleged defenses, reserves all rights in connection therewith, and leaves the Defendant to its burden.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

27. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. During the Preference Period, the Debtors made Transfers to or for the benefit of the Defendants in an aggregate amount not less than the amount set forth on **Exhibit A** attached hereto.

29. Each Transfer was made from the Debtors, and constituted transfers of an interest in property of the Debtors.

30. The Defendant was a creditor of the Debtors at the time of each Transfer by virtue of supplying goods and/or services to the Debtors for which the Debtors were obligated to pay in accordance with the Agreements.

31. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer wither reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant.

32. Each Transfer was made for, or on account of, an antecedent debt owed by the Debtors to the Defendant before the Transfers were made.

33. Each Transfer was made while the Debtors were insolvent. The Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

34. As a result of each Transfer, the Defendant received more than the Defendant would have received (i) if the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) if the Defendant received payments on account of such debt under the provisions of the Bankruptcy Code.

35. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36. The Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

37. To the extent that one or more of the Transfers identified on **Exhibit A** was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than the paying Debtor but paid for by another Debtor, the Plaintiff pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for the Transfers; and the Debtors: (a) were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; (b) were engaged, or about to engage, in business or transaction for which any property remaining with the Debtors was an unreasonably small capital; or (c) intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

38. Based on the foregoing, the Transfers are avoidable pursuant to Section 548(a)(1)(B).

## Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

40. The Plaintiff is entitled to avoid the Transfers pursuant to sections 547(b) and/or 548(a)(1)(B) of the Bankruptcy Code.

41. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person / entity for whose benefit the transfers were made.

42. Pursuant to section 550(a) of the Bankruptcy Code, the Plaintiff is entitled to recover for the Defendant the Transfers, plus interest thereon to the date of payment and costs of this action.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. 502(d))**

43. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44. The Defendant is a transferee of the Transfers under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

45. The Defendant has not paid the amount of the Transfers, or turned over such property, for which the Defendant is liable under section 550 of the Bankruptcy Code.

46. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant and/or its assignee against the Debtors' estates must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

**RESERVATION OF RIGHTS**

47. During the course of the adversary proceeding, the Plaintiff may learn through discovery or otherwise of additional transfers made to the Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is the Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of the Defendant or any other transferee. The Plaintiff reserves his rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional

transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff demands judgment against the Defendant as follows:

A. Avoiding the Transfers pursuant to sections 547(b) and/or 548(a)(1)(B) of the Bankruptcy Code;

B. Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to section 550(a) of the Bankruptcy Code;

C. Disallowing any claims held by the Defendant against the Debtors' estates until the Defendant returns the Transfers to the Plaintiff pursuant to section 502(d) of the Bankruptcy Code;

D. Awarding interest from the date of the Complaint;

E. Awarding fees and costs; and

F. Such other and further relief as this Court may deem just and proper.

Dated: February 10, 2021                    Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Ashley E. Shapiro*
Ashley E. Shapiro, Esquire
100 Overlook Center, Second Floor
Princeton, NJ  08540
Telephone: (609) 375-08540
Email: ashapiro@atllp.com

-and-

Rafael X. Zahralddin-Aravena (*Admitted pro hac*)
Shelley A. Kinsella (*Pro hac vice pending*)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 824-7089
Email: rzahralddin@atllp.com
Email: skinsella@atllp.com

*Counsel to the Liquidating Trustee*

**Exhibit A**

**Shipley Fuels Marketing, LLC**
**Preference Period Transfers**

| Debtor Transferor | Invoice No. | Invoice Date | Check Amount | Check No. | Check Date |
|---|---|---|---:|---|---|
| New England Motor Freight, Inc. | IN494247 | 11/8/2018 | $ 21,598.66 | 532796 | 11/16/2018 |
| New England Motor Freight, Inc. | IN495885 | 11/20/2018 | $ 20,262.53 | 533694 | 11/28/2018 |
| New England Motor Freight, Inc. | IN498169 | 11/30/2018 | $ 20,971.44 | 534851 | 12/10/2018 |
| New England Motor Freight, Inc. | IN498852 | 12/7/2018 | $ 19,012.86 | 534972 | 12/12/2018 |
| New England Motor Freight, Inc. | IN497835 | 12/3/2018 | $ 17,035.01 | 535532 | 12/18/2018 |
| New England Motor Freight, Inc. | IN499732 | 12/12/2018 | $ 17,717.95 | 535676 | 12/19/2018 |
| New England Motor Freight, Inc. | IN501487 | 12/19/2018 | $ 21,140.26 | 536230 | 1/2/2019 |
| New England Motor Freight, Inc. | IN501486 | 12/21/2018 | $ 15,776.71 | 536230 | 1/2/2019 |
| New England Motor Freight, Inc. | IN501485 | 12/19/2018 | $ 18,525.33 | 536487 | 1/4/2019 |
| New England Motor Freight, Inc. | IN498853C | 12/31/2018 | $ (21,204.14) | 536847 | 1/9/2019 |
| New England Motor Freight, Inc. | IN498853A | 12/31/2018 | $ 20,967.18 | 536847 | 1/9/2019 |
| New England Motor Freight, Inc. | IN498853 | 12/7/2018 | $ 21,204.14 | 536847 | 1/9/2019 |
| New England Motor Freight, Inc. | IN505304 | 1/16/2019 | $ 21,128.40 | 538037 | 1/21/2019 |
| | | | **$ 214,136.33** | | |