<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J.LBR 9004-2(c)**

</td><td></td></tr>
<tr><td>

In re:
NEW ENGLAND MOTOR FREIGHT, INC.,
*et al.*,

</td><td>

Case No.:    19-12809 (JKS)

</td></tr>
<tr><td>

KEVIN P. CLANCY, solely in his capacity as
the LIQUDATING TRUSTEE,

            Plaintiff,

v.

SHIPLEY FUELS MARKETING, LLC,

            Defendant.

</td><td>

Adv. No.:    21-01100 (JKS)

Judge:    John K. Sherwood

</td></tr>
</table>

## <u>CERTIFICATION OF CONSENT REGARDING CONSENT ORDER</u>

I certify that with respect to the Consent Order by and among Kevin P. Clancy, solely in

his capacity as the Liquidating Trustee and Shipley Fuels Marketing, LLC, the following

conditions have been met:

(a)      The terms of the consent order are identical to those set forth in the original consent

order;

(b)      The signatures represented by the /s/ on the copy of the consent order submitted the

Court reference the signatures of consenting parties obtained on the original order;

(c)      I will retain the original consent order for a period of seven years from the date of

closing of the case or adversary proceeding.

(d)      I will make the original consent order available for inspection upon request of the

Court or any party in interest; and

(e)     I will simultaneously electronically file this certification with the Court, by use of

my login and password, thereby signing same for all purposes including those under

Fed. R. Bankr. P 9011 (sign certification with a /s/).


Dated:  November 1, 2021                          /s/ Ashley E. Shapiro
                                                  Ashley E. Shapiro, Esq.
                                                  **ARMSTRONG TEASDALE LLP**
                                                  100 Overlook Center, Second Floor
                                                  Princeton, NJ 08540
                                                  Telephone: (609) 375-2020
                                                  Email: ashapiro@atllp.com

                                                  and

                                                  Rafael X. Zahralddin-Aravena, Esq.
                                                  (admitted *pro hac vice*)
                                                  Shelley A. Kinsella, Esq.
                                                  (admitted *pro hac vice*)
                                                  300 Delaware Avenue, Suite 210
                                                  Wilmington, DE 19801
                                                  Telephone:  (302) 824-7089
                                                  Email:  rzahralddin@atllp.com
                                                  Email:  skinsella@atllp.com

                                                  *Counsel for Plaintiff*

**ARMSTRONG TEASDALE LLP**
Ashley E. Shapiro, Esq.
100 Overlook Center, Second Floor
Princeton, NJ 08540
Telephone: (609) 375-2020
Email: ashapiro@atllp.com

Rafael X. Zahralddin-Aravena (admitted *pro hac vice*)
Shelley A. Kinsella (admitted *pro hac vice*)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 824-7089
Email: rzahralddin@atllp.com
Email: skinsella@atllp.com
*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,[1] | Case No. 19-12809 (JKS) |
| Debtors. | (Jointly Administered) |
| KEVIN P. CLANCY, solely in his capacity as the LIQUDATING TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SHIPLEY FUELS MARKETING, LLC,<br><br>Defendant. | Adv. Proc. No. 21-01100 (JKS) |

**STIPULATION AND CONSENT ORDER**
**RESOLVING DISPUTES WITH SHIPLEY FUELS MARKETING, LLC**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: New England Motor Freight, Inc. (7697); Eastern Freight Ways, Inc. (3461); NEMF World Transport, Inc. (2777); Apex Logistics, Inc. (5347); Jans Leasing Corp. (9009); Carrier Industries, Inc. (9223); Myar, LLC (4357); MyJon, LLC (7305); Hollywood Avenue Solar, LLC (2206); United Express Solar, LLC (1126); and NEMF Logistics, LLC (4666).

This stipulation and consent order (the "Stipulation") is made by and among Kevin P. Clancy, solely in his capacity as the liquating trustee (the "Liquidating Trustee" or "Plaintiff"), and Shipley Fuels Marketing, LLC (the "Defendant" and, together with the Plaintiff, the "Parties"). The Parties, through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on February 11, 2019 (the "Petition Date"), the above-captioned debtors (the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"); and

WHEREAS, Kevin P. Clancy of CohnReznick LLP was duly appointed as the Liquidating Trustee of the Liquidating Trust (*see Notice of (A) Entry of Order Confirming the Joint Plan and Disclosure Statement; (B) Occurrence of the Effective Date; and (C) Certain Important Deadlines* [Docket No. 1153]); and

WHEREAS, the Debtors and the Defendant had various business relationships prior to the Petition Date; and

WHEREAS, on February 11, 2021, the Plaintiff commenced an adversary proceeding in this Court against the Defendant, Adversary Proceeding No. 21-01100, asserting, *inter alia*, that the Plaintiff is entitled to avoid and recover, pursuant to sections 547, 548 and 550 of the Bankruptcy Code, alleged preferential transfers (the "Preferential Transfers") made by one or more of the Debtors to the Defendant in an amount not less than $214,136.33 during the 90-day period prior to the Petition Date and to disallow claims under section 502 of the Bankruptcy Code (the "Adversary Proceeding"); and

WHEREAS, the Defendant disputes the allegation in the Adversary Proceeding; and

**WHEREAS**, rather than proceed with litigation concerning the Preferential Transfers, and based upon consideration of the Defendant's asserted defenses and documents in support thereof, the Parties engaged in good faith, arms' length negotiations to resolve the Preferential Transfers in their entireties; and

**WHEREAS**, the Parties intend to memorialize the agreement resolving the issues raised in the Adversary Proceeding pursuant to the terms of this Stipulation.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.  **Recitals**. The reitals set forth above are hereby incorporated by reference herein.

2.  **Settlement Amount**. In accordance with this Stipulation, within ten (10) days after execution of this Stipulation by all Parties, the Defendant will make payment to the Plaintiff in the amount of $20,500.00 (the "<u>Settlement Amount</u>"), for the full and complete satisfaction of the Debtors' claims against the Defendant. The Settlement Amount shall be mailed or wired in accordance with instructions provided to counsel for the Defendant by counsel for the Plaintiff. In the event the Stipulation is not approved by the Court, the Plaintiff shall, within seven (7) business days of a ruling or order denying in any way approval of the Stipulation, return the Settlement Amount to the Defendant via a check or wire in accordance with instructions from the Defendant, without necessity of any sort of demand or notice from the Defendant to the Plaintiff or its counsel.

3.  **Settlement Effective Date**. The effective date of this Stipulation and all of its terms shall be the date upon which all of the following have occurred: (i) entry of an order the Court approving this Stipulation; and (ii) the Plaintiff has received the Settlement Amount in good funds.

4.     **Dismissal.** Within seven (7) days after entry of an Order approving this Stipulation and receipt of the Settlement Amount in good funds, the Plaintiff shall file a Notice of Dismissal without need for the Parties to enter into a stipulation of dimissal, thereby dismissing the Adversary Proceeding and the claims asserted therein with prejudice and without costs against the Defendant.

5.     **Liquidating Trustee's Limited Release.** Effective as of the Settlement Date, the Plaintiff, solely in his capacity as the Liquidating Trustee and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Defendant, its attorneys, accountants, financial advisors, directors, officers, employees, agents, parents, subsidiaries, and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action (whether at law, equity and/or arbitration), suits, costs, debts, demands, liabilities and/or damages (whether direct, indirect, consequential or incidental), whether known or unknown, suspected or unsuspected, which the Liquidating Trustee has, has had, or may have or may claim to have against the Defendant Releasees solely in connection with the Preferential Transfers. Nothing herein shall be deemed to be a relase of any rights of the Liquidating Trustee to enforce the terms of this Stipulation.

6.     **Defendant's Limited Release.** Effective as of the Settlement Date, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Liquidating Trustee, the Debtors, their past and present attorneys, accountants, financial advisors, directors, officers, employees, agents, parents, subsidiaries, and the successors and assigns of any of them (collectively, the "Liquidating Trustee Releasees") from any and all claims, manner of actions, causes of action (whether at law, equity and/or arbitration), suits, costs, debts, demands, liabilities and/or damages (whether direct, indirect, consequential or incidental), whether known or unknown, suspected or unsuspected,

which the Defendant has, has had, or may have or may claim to have against the Liquidating Trustee Releasees solely in connection with the Preferential Transfers.  As part of this Stipulation, the  Defendant agrees to waive its claim under section 502(h) of the Bankruptcy Code; however, this Stipulation shall not, in any way, affect any distribution the Defendant has received, or will receive, in the Chapter 11 Case relating to its scheduled and/or allowed proof(s) of claims on file in the Chapter 11 Case.  Nothing herein shall be deemed to be a relase of any rights of the Liquidating Trustee to enforce the terms of this Stipulation.

7.      **No Admissions**.  This Stipulation is not and shall not in any way be construed as an admission by the Parties of the allegations made in connection with the Adversary Proceeding or the Preferential Transfers.

8.      **Expenses.**  The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Adversary Proceeding and this Stipulation.  In the event of any dispute in connection with the enforcement of an Order approving the Stipulation, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

9.      **Miscellaneous**.

(a)      All matters involving the interpretation, construction and/or validity of this Stipulation shall be governed and construed in accordance with the laws of the State of New Jersey, without reference to choice of law provisions.  THE PARTIES HERETO EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATED TO THIS STIPULATION.

(b)      This Stipulation may be executed in counterparts, each of which will constitue an original, and all of which will constitue one and the same Stipulation, and facsimile

and email signatures shall be deemed to be original siganatures for all purposes of this Stipulation. When fully executed, this Stipulation shall be filed in the Adversary Proceeding.

(c)     This Stipulation is for the benefit of the Parties hereto and their respective successors or assigns, including any trustee subsquenty appointed in the Debtors' chapter 11 cases.

(d)     This Stipulation supersedes any prior understandings, agreements, representations by, between and among the Parties, whether written or oral, which may be related to the subject matter hereof.

(e)     This Stipulation is the entire agreement of the Parties and cannot be amended or waived except in a writing executed by all of the Parties hereto.  Notwithstanding anything to the contrary in this Stipulation, no waiver of any provision of this Stipulation or breach or default of this Stipulation shall extend to or affect in any way any of the provisions of this Stipulation or any other prior or subsequent breach or default.

(f)     The United States Bankruptcy Court for the District of New Jersey shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the tems and provision of, this Stipulation.

(g)     Each of the Parties and their respective counsel have reviewed this Stipulation and agree that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

(h)     Each person or entity who executes this Stipulation on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Stipulation on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Stipulation.  The representations and warranties set forth in this paragraph shall survive execution of the Stipulation

(i)    In executing this Stipulation, each of the Parties represents and warrants, for itself, that: (i) it does so with full knowledge of its available rights; (ii) it is not relying and has not relied upon any representations made by any person with regard to the Stipulation, other than any written representations and agreements contained herein; (iii) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Stipulation; (iv) the Parties authorized to enter into this Stipulation, subject to Court approval, and the individual(s) signing on the Parties' behalves are authorized to do so; and (v) it has conducted such investigations as it or its counsel deemed appropriate regarding the Stipulation and its rights and asserted rights in connection with the matters that are the subject of the Stipulation.

(j)    Each Party hereto represents and warrants to the other Party hereto that it has been represented by counsel of its own choosing in connection herewith and has had full opportunity to be advised by such counsel with respect to the terms and effect of entering into this Stipulation.

**WHEREFORE**, the Parties have executed this Stipulation as of the date(s) below.

| | |
|---|---|
| **Kevin P. Clancy, solely in his capacity**<br>**As Liquidating Trustee** | **Shipley Fuels Marketing, LLC** |
| By: _Kevin Clancy_ | By: _[signature]_ |
| Name: Kevin P. Clancy | Name: _Richard Pealer-Schafer_ |
| Title: Liquidating Trustee | Title: _Treasurer_ |
| Dated: _November 1_, 2021 | Dated: _May 20_, 2021 |

8